UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No.:  3:23-cv-01190-AHG <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> [ECF No. 2] |

On June 27, 2023, Plaintiff Elizabeth R. ("Plaintiff") brought this action against the Commissioner of Social Security, seeking judicial review of the Commissioner's final administrative decision denying her application for Social Security Disability Insurance Benefits for lack of disability. ECF No. 1. Along with the Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2.

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $402[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II. DISCUSSION

### A. Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a); UNITED STATES COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2020), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, in support of her IFP application, Plaintiff states in her affidavit that she has no monthly income, and that her spouse earns $600.00 per month through self-employment and $1,722.00 in interest and dividends, for a total of $2,322.00 of monthly household income. ECF No. 2 at 2-3. She reports that she and her spouse have a total of $2,600.00 in a checking account and $50.00 in cash. *Id.* at 3. They do not own a home, and their total monthly expenses amount to $1,761.00. *Id.* at 3-5. Additionally, their adult daughter relies on them for financial support. *Id.* at 3. Although Plaintiff's affidavit shows that her monthly household income typically exceeds their monthly expenses by over $500.00, it is also clear from the information provided that the family has very little savings, and that an expense of $400.00 would be quite burdensome. Indeed, Plaintiff states in her affidavit that the family "is on a very tight budget and [we] are unable to squeeze out any excess." *Id.* at 5. As noted by the Ninth Circuit in *Escobedo*, "$350 [or, in this case, $402] is a lot of money to many millions of Americans. A person working full-time at a minimum wage job will, with the normal deductions, likely take home less than $350 in a typical forty-hour week." 787 F.3d at 1235. There, the trial court had denied IFP status to a plaintiff who received only $180 per week in unemployment compensation, because her husband received $1800 per month in social security benefits. *Id.* at 1229-30. The Ninth Circuit found that the denial of the plaintiff's IFP application constituted an abuse of discretion,

reasoning that the plaintiff "was plainly indigent," and "[e]ven taking into account the income of both Escobedo and her husband . . . the magistrate judge's ruling represented, at best, the outer boundary of stringency. Including Escobedo's husband's income with hers, the filing fee would still be twenty-six percent of Escobedo's communal property share of the family's monthly income and thirteen percent of the total monthly family income." *Id.* at 1235.

Similarly, here, a $402 filing fee represents 17 percent of the total monthly household income and 34 percent of her communal property share of the income. Plaintiff herself has no income whatsoever. Thus, applying the reasoning of *Escobedo*, the Court finds that Plaintiff has sufficiently shown an inability to pay the $402 filing fee under Section 1915(a).

**B. Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. Fed. R. Civ. P., Supp. R. 2 of Soc. Sec. Actions under 42 U.S.C. § 405(g) (effective Dec. 1, 2022). Under that Rule, the complaint must:

>   (A) state that the action is brought under § 405(g);
>   (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
>   (C) state the name and the county of residence of the person for whom benefits are claimed;
>   (D) name the person on whose wage record benefits are claimed; and
>   (E) state the type of benefits claimed.

*Id.* Additionally, the complaint may "include a short and plain statement of the grounds for relief." In the IFP screening context, however, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

In her Complaint, Plaintiff alleges that she is disabled due to "a combination of severe physical and mental impairments, including: degenerative disc disease of the lumbar spine, history of pancreatitis, obesity, and bipolar/depression." ECF No. 1 ¶ 6. Further, in support of her argument that the Commissioner's decision should be reversed, Plaintiff contends the decision is not supported by substantial evidence because (1) the Administrative Law Judge ("ALJ") "erred by finding Plaintiff's dissociative disorder was not a medically determinable impairment;" and (2) "[t]he ALJ erred by finding that Plaintiff's carpal tunnel syndrome was not a medically determinable impairment." *Id.* ¶ 7. The Court finds these allegations sufficiently specific under 28 U.S.C. § 1915(e)(2)(B) to state a claim for reversal or remand of the Commissioner's decision.

\\

### III. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

In accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions, and this district's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. Here, no further action is needed, as the Clerk's Office already transmitted the notice of electronic filing of the Complaint to Defendant in the instant case. *See* ECF No. 3, NEF ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated: July 3, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge